# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CR 520-007-48 |
| ) | |
| RONNIE DALE MOORE, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant Ronnie Moore's motion for jail-time credit. Dkt. No. 1778. Defendant alleges he should be given credit to his federal prison term for time served in state custody awaiting federal prosecution, approximately ten months. See id.

## LEGAL AUTHORITY

Pursuant to 18 U.S.C. § 3585(b), a defendant shall receive credit toward a custodial term for any time spent in official detention prior to the date the sentence commenced "that has not been credited against another sentence."

## DISCUSSION

The Court finds that Defendant's motion to the Court is premature. "The Supreme Court has held that the responsibility for determining sentence-credit awards lies with the Attorney General, through the [Bureau of Prisons], as opposed to district courts." United States v. Roberson, 746 F. App'x 883, 885 (11th

Cir. 2018) (citing United States v. Wilson, 503 U.S. 329, 330, 333 (1992) (construing 18 U.S.C. § 3585(b))). In other words, "[t]he granting of credit for time served is in the first instance an administrative, not a judicial, function." Id. (quoting United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000) (quotation marks omitted)). Federal regulations afford prisoners administrative review of the computation of their credits. See 28 C.F.R. §§ 542.10-542.19.

Because the Bureau of Prisons has the responsibility for determining credit awards, "a federal prisoner dissatisfied with computation of his sentence must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence." Id. (quoting United States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005)). Only "after the exhaustion of administrative remedies" may a claim for credit of time served be brought under 28 U.S.C. § 2241. Id. (quoting Nyhuis, 211 F.3d at 1345). Here, Defendant's filing does not show that he has exhausted his administrative remedies by requesting credit and/or clarification from the Bureau of Prisons. Defendant's motion is, therefore, **DISMISSED**.

## CONCLUSION

Defendant's motion for jail time credit, dkt. no. 1778, is **DISMISSED** for failure to exhaust his administrative remedies with the Bureau of Prisons.

2

**SO ORDERED**, this \_\_13\_\_ day of March, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA